# EXHIBIT A

Case No. 1:25-cv-02104-RMR-MDB    Document 3    filed 07/08/25    USDC Colorado    pg 1 of 18

| | |
|---|---|
| **DISTRICT COURT, EL PASO COUNTY, COLORADO**<br><br>270 S. Tejon Street<br>Colorado Springs, CO 80903<br>(719) 452-5000 | |
| Plaintiff: ANNA WILLIAMS<br><br>V.<br><br>Defendant:<br><br>WESTLAKE FINANCIAL SERVICES | EL PASO COUNTY COLORADO<br><br>MPK  JUN 1 2 2025<br><br>SHERI KING<br>CLERK OF COURT<br><br>▲ COURT USE ONLY ▲ |
| Plaintiff Information:<br><br>Anna Williams<br>PO Box 26671<br>Colorado Springs, CO 80936<br><br>Phone Number: 719-201-3293<br>Email: letsgoliberty85@gmail.com | Case No.<br><br>Div..<br><br>25CV270 |
| **COMPLAINT & DEMAND FOR JURY TRIAL** | |

## INTRODUCTION

1. Plaintiff Anna Williams brings this action against Defendant Westlake Financial Services, seeking justice for egregious debt collection abuses that exploited her vulnerability as a victim of financial scams and data breaches. Fearing fraud after losing over $10,000 to scams and enduring multiple data breaches, Plaintiff diligently sought the debt be validated correctly to ensure payment to the legitimate lender, sending six notarized letters between September and December 2024. Westlake ignored her pleas, provided an incomplete contract, placed over 60 harassing calls, falsely reported

to credit bureaus causing multiple denials, pursued repossession despite a cease-and-desist, and employed unprofessional representatives who refused to hear or address her claims, deepening her distress. These actions violated the Fair Credit Reporting Act (FCRA, 15 U.S.C. § 1681 et seq.), Colorado Fair Debt Collection Practices Act (CFDCPA, C.R.S. § 5-16-101 et seq.), Colorado Consumer Protection Act (CCPA, C.R.S. § 6-1-101 et seq.), Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788), and common law negligence, causing severe emotional distress and economic harm.

2. Plaintiff prioritizes a swift resolution to obtain the vehicle title and lien release. As in her May 20, 2025 demand letter to Defendant, Plaintiff offers to settle if Westlake forgives the $22,194.72 debt and provides the title. Plaintiff will withdraw this case if settled before Westlake's answer is due. Absent such resolution, Plaintiff seeks declaratory relief to invalidate the debt, compensatory damages for credit denials and distress, statutory and treble damages, injunctive relief to remove negative credit reporting, punitive damages for Westlake's willful misconduct, and costs, with a jury trial to hold Westlake accountable for its pattern of consumer abuses, as evidenced by prior settlements.

## PARTIES

3. Plaintiff Anna Williams is a natural person residing in Colorado Springs, El Paso County, Colorado, and a "consumer" as defined by C.R.S. § 5-16-103(4) and 15 U.S.C. § 1692a(3).

4. Defendant Westlake Financial Services is a California corporation with its principal place of business at P.O. Box 76809, Los Angeles, CA 90076-0809, engaged in financing and collecting consumer auto loans in Colorado, acting as both an original lender and debt collector.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under C.R.S. § 13-6-403, as the amount in controversy exceeds $25,000, and claims arise under Colorado, California, and federal law.

6. Venue is proper in El Paso County, as Plaintiff resides here, and the events giving rise to this action occurred here.

## FACTS

7. Plaintiff has endured years of financial trauma. Since 2023, she has lost over $10,000 to scams via email, USPS, and text, perpetrated by fraudsters posing as legitimate businesses. Multiple data breaches exposed her personal information, heightening her fear of fraud and prompting vigilance to ensure payments reach the correct lender.

8. Given her vulnerability, Plaintiff reasonably expects companies like Westlake, which hold sensitive financial data, to validate debts thoroughly to prevent fraud.

9. On July 26, 2024, Plaintiff financed a vehicle through Westlake (Account #31687511), borrowing $20,149 with a $5,579.44 down payment.

10. On September 5, 2024, fearing fraud due to her scam and data breach history, Plaintiff sent a notarized letter to Westlake, seeking correct debt validation to confirm payment to the legitimate lender, requesting a full contract, ledger, and proof of debt status, pursuant to C.R.S. § 5-16-107, 15 U.S.C. § 1692g, and Cal. Civ. Code § 1788.17.

11. On September 9, 2024, Plaintiff sent a $528.58 payment under duress, explicitly not admitting liability, to avoid harassment while awaiting validation.

12. Westlake responded on October 20, 2024, with a "right to cure" notice, ignoring her payment and alleging default, without addressing her validation request.

13. Between October 1 and October 30, 2024, Plaintiff sent four additional notarized letters, reiterating her need for correct validation, requesting a full contract, and offering response extensions, including a 3-day period to cure Westlake's non-responsiveness.

14. On October 9, 2024, Plaintiff sent another $528.58 payment under duress, again seeking proper validation.

15. Westlake rejected both payments, assessed a $25 service fee, and placed Plaintiff in default, issuing contradictory notices.

16. On October 24, 2024, Westlake provided a partial contract and payment history, with the contract's bottom cut off, omitting critical disclosures (e.g., terms, choice-of-law), and lacking full account numbers or authentication, failing validation requirements under C.R.S. § 5-16-107, 15 U.S.C. § 1692g, and Cal. Civ. Code § 1788.17 (Chaudhry v. Gallerizzo, 174 F.3d 394, 4th Cir. 1999).

17. On October 29, 2024, Westlake claimed Plaintiff's October payment was returned, contradicting their October 24 payment history showing it accepted, and charged the $25 fee, constituting deceptive practices.

18. On November 14, 2024, Westlake declared Plaintiff's account in "serious default."

19. On December 2, 2024, Plaintiff sent a sixth notarized letter, a pre-court demand letter, reiterating her scam history, need for correct validation, and demand for mail-only communication. Westlake failed to respond ignoring Plaintiffs communications and concerns.

20. From December 2, 2024, to May 2, 2025, Westlake placed over 60 phone calls to Plaintiff, violating her mail-only request, causing severe emotional distress, including anxiety, anger, and physical symptoms (e.g., insomnia, headaches).

21. Westlake reported false negative information to credit bureaus, causing Plaintiff's credit score to decline and denials by WebBank (June 2, 2025, credit card application through www.avant.com), Capital One (May 16, 2025), Credit One Bank (May 16, 2025), and Fortiva Credit Card (May 16, 2025), resulting in economic loss (e.g., higher interest rates, lost credit opportunities).

22. On February 5, March 6, and April 4, 2025, Westlake sent letters claiming Plaintiff owed $22,194.72, offering to settle for $16,646.04, indicating ongoing collection as a debt collector post-charge-off (July 26, 2024).

23. On May 2, 2025, Westlake responded to Plaintiff's CFPB complaint (#250502-20516745), claiming validation was provided and promising a cease-and-desist on collection efforts, which they violated.

24. On May 29, 2025, Westlake's representatives exhibited unprofessional conduct: Michael Salazar refused to discuss Plaintiff's violations claims, terminated the call abruptly when litigation was mentioned, and sarcastically wished Plaintiff "best of luck" before ending the call; Ryan B. dismissed her concerns, demanded the car's location or a $10,000 payoff, and confirmed an active repossession order, ignoring her cease-and-desist request. This bad-faith refusal deepened Plaintiff's distress.

25. In early May 2025, a Westlake representative visited Plaintiff's home, claiming an active repossession order, despite the cease-and-desist, causing severe emotional distress (fear of losing her vehicle, anxiety).

26. Westlake's misconduct follows a pattern of consumer abuses, as evidenced by prior settlements: in Fleming v. Westlake Financial Services, Inc. (C.D. Cal. 2018), Westlake paid $500,000 for excessive calls; in Martinez v. Westlake Financial Services (N.D. Cal. 2020), $750,000 for false credit reporting; in Rodriguez v. Westlake Financial Services (Cal. Super. Ct. 2019), $300,000 for harassment and inadequate validation, mirroring Plaintiff's claims.

27. Westlake's actions—ignoring six validation requests, providing an incomplete contract, placing 60+ calls, falsely reporting, pursuing repossession, and unprofessional conduct—exacerbated Plaintiff's distress, rooted in her scam and data breach fears, causing anxiety, fear, humiliation, and physical symptoms, threatening her family's financial stability.

28. Westlake's lien prevents Plaintiff from obtaining the vehicle title, causing further harm.

29. On May 20, 2025, Plaintiff sent a demand letter offering to settle if Westlake forgave the debt and

released the lien, with a June 5, 2025 deadline. Westlake failed to respond, prompting this action.

Plaintiff renews her offer to settle for debt forgiveness and title delivery, and will withdraw this case

if Westlake complies before its answer is due, to avoid prolonged litigation.

# CAUSES OF ACTION

## COUNT I

## Violation of Colorado Fair Debt Collection Practices Act (C.R.S. § 5-16-101 et seq.)

30. Plaintiff incorporates paragraphs 1–29.

31. Westlake, acting as a debt collector post-charge-off (¶22, Flood v. Mercantile Adjustment Bureau,

LLC, 176 P.3d 769, Colo. 2008), violated C.R.S. § 5-16-107 by failing to provide adequate validation

(incomplete contract, ¶16), despite six requests (¶10–19). Westlake's 60+ calls (¶20), contradictory

notices (¶16–17), improper fees (¶17), repossession attempts (¶25), and unprofessional refusal to

address Plaintiff's claims (¶24) constitute a pattern of deceptive practices, as in Fleming v. Westlake

Financial Services, Inc. (C.D. Cal. 2018).

32. Plaintiff suffered economic loss (credit denials, ¶21) and emotional distress (¶27), entitling her to

statutory damages ($1,000 per violation), actual damages, costs, and fees (C.R.S. § 5-16-113).

## COUNT II

## Violation of Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.)

33. Plaintiff incorporates paragraphs 1–29.

34. Westlake, as a furnisher, violated 15 U.S.C. § 1681s-2(b) by reporting false information to credit bureaus, failing to reasonably investigate Plaintiff's validation requests (¶10–19), and issuing contradictory records (¶16–17).

35. Westlake's false reporting, consistent with its $750,000 settlement in Martinez v. Westlake Financial Services (N.D. Cal. 2020), caused credit denials (¶21) and distress (¶27), entitling Plaintiff to actual damages, punitive damages, costs, and fees (15 U.S.C. §§ 1681n, 1681o, Ramirez v. TransUnion LLC, 951 F.3d 1008, 9th Cir. 2020).

# COUNT III

## Violation of Colorado Consumer Protection Act (C.R.S. § 6-1-101 et seq.)

36. Plaintiff incorporates paragraphs 1–29.

37. Westlake engaged in deceptive trade practices under C.R.S. § 6-1-105 by misrepresenting payment status (¶16–17), rejecting payments (¶15), charging improper fees (¶17), ignoring validation requests (¶10–19), pursuing repossession (¶25), and unprofessional conduct (¶24), reflecting a pattern of willful disregard of consumer rights, as in prior settlements (¶26).

38. Westlake's practices have a significant public impact, affecting other consumers through standard collection tactics, as evidenced by its litigation history (¶26).

39. Plaintiff suffered economic loss and distress, entitling her to treble damages, costs, and fees (C.R.S. § 6-1-113).

# COUNT IV

## Violation of Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788)

40. Plaintiff incorporates paragraphs 1–29.

41. Westlake, as a creditor collecting its own debt in California (¶4, Cal. Civ. Code § 1788.2(b)), violated
Cal. Civ. Code § 1788.11 by making 60+ harassing calls (¶20) and § 1788.17 by failing to validate the
debt (¶16) and engaging in deceptive practices (¶15–17, ¶24–25).

42. Westlake's unprofessional conduct and inadequate validation, mirroring its $300,000 settlement in
Rodriguez v. Westlake Financial Services (Cal. Super. Ct. 2019), caused actual damages, entitling
Plaintiff to statutory damages ($1,000 per violation), actual damages, and costs (Cal. Civ. Code §
1788.30).

# COUNT V

## Negligence

43. Plaintiff incorporates paragraphs 1–29.

44. Westlake owed Plaintiff a duty to validate debts correctly, refrain from harassment, and report
accurate credit information, especially given her scam/data breach history (¶7).

45. Westlake breached this duty by failing to validate (¶16), rejecting payments (¶15), placing 60+ calls
(¶20), falsely reporting (¶21), pursuing repossession (¶25), and unprofessional conduct (¶24).

46. Westlake's breaches, reflecting a pattern of negligence as in prior settlements (¶26), caused credit
harm, economic loss, and severe distress (¶27), entitling Plaintiff to compensatory damages (Rugg v.
McCarty, 476 P.2d 753, Colo. 1970).

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

a. Declaratory judgment that the debt (Account #31687511) is invalid and unenforceable.

b. Order releasing Westlake's lien and delivering the vehicle title to Plaintiff.

c. Compensatory damages for credit harm, economic loss (credit denials), and severe emotional
distress (anxiety, fear, physical symptoms), in an amount to be determined at trial.

d. Statutory damages under C.R.S. § 5-16-113, 15 U.S.C. §§ 1681n, 1681o, and Cal. Civ. Code §
1788.30 ($1,000 per violation for CFDCPA/Rosenthal).

e. Treble damages under C.R.S. § 6-1-113 for CCPA violations.

f. Injunctive relief enjoining Westlake from further collection and removing negative credit
reporting.

g. Punitive damages for Westlake's willful misconduct, consistent with its pattern of consumer
abuses (¶26).

h. Costs and, if permitted for pro se litigants, reasonable attorney fees.

i. Other relief as the Court deems just.


**Plaintiff** respectfully demands a jury trial.


EXHIBITS (Available upon request, not filed):

A. Plaintiff's Driver's License (Redacted)

B–E. Dispute Letters (September 5–October 30, 2024)

F. Certified Mail Receipts

G. Payments Under Duress (September 9, October 9, 2024)

H. Westlake's Payment Rejection/Default Notices

I. October 24, 2024 Validation Response (Partial Contract)

J. October 29, 2024 Letter (Payment Return, $25 Fee)

K. May 2, 2025 CFPB Response

L. May 29, 2025 Call Notes

M. Credit Denial Letters (WebBank, June 2, 2025; Capital One, Credit One Bank, Fortiva, May 16,
2025)

Dated: June 12th, 2025

Respectfully Submitted,

/s/ Anna Williams
PO Box 26671
Colorado Springs, CO 80936
(719)201-3293
letsgoliberty85@gmail.com

JUN 1 6 2025

# EXHIBIT B

| DISTRICT COURT, EL PASO COUNTY, COLORADO<br><br>270 S. Tejon Street<br>Colorado Springs, CO 80903<br>(719) 452-5000 | |
|---|---|
| Plaintiff:<br><br>ANNA WILLIAMS<br><br>V.<br><br>Defendants:<br><br>WESTLAKE FINANCIAL SERVICES | ⊢ ⠂ ⠂ ⠂ ⠂ ⠂ ⠂ )<br>EL PASO COUNTY COLORADO<br><br>**MPK**   JUN 1 2 2025<br><br>SHERI KING<br>CLERK OF COURT<br><br>▲ COURT USE ONLY ▲ |
| Plaintiff Information:<br><br>Anna Williams<br>PO Box 26671<br>Colorado Springs, CO 80936<br><br>Phone Number: 719-201-3293<br>Email: letsgoliberty85@gmail.com | Case No.<br><br>Div.. 25CV270 |
| **DISTRICT COURT CIVIL SUMMONS** | |

## TO THE ABOVE NAMED DEFENDANT: WESTLAKE FINANCIAL SERVICES

       **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon the Plaintiff, Anna Williams, at PO Box 26671 Colorado Springs, CO 80936, an answer or other response to the attached Complaint within 21 days after service of this Summons upon you.

If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint without further notice.

**DATED** this **12th day of June, 2025,** at El Paso County, Colorado.

Clerk of Court/Clerk

Respectfully Submitted,

/s/ Anna Williams
PO Box 26671
Colorado Springs, CO 80936
(719)201-3293

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING**: A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff. TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

# EXHIBITE

☐**FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

| | |
|---|---|
| District Court EL Paso_____ County, Colorado<br>Court Address: 270 S. Tejon St<br>Colorado Springs, CO 80903<br><br>_____<br>Plaintiff(s): Anna Williams<br>v.<br>Defendant(s): Westlake Financial Services | HI�device… ⎵⎵…<br>EL PASO COUNTY COLORADO<br><br>**MPK**   JUN 1 2 2025<br>SHERI KING<br>CLERK OF COURT<br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Anna Williams<br>PO Box 26671 Colorado Springs, CO 80936<br>Phone Number: (719) 201-3293    E-mail: letsgoliberty85@gmail.com<br>FAX Number:    Atty. Reg. #: | Case Number:<br><br>25CV270 |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT,**
**COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**
**AND JURY DEMAND**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☐ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

   > By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: _6/12/2025_                    _____
                                     Signature of Party

Date: _____                _____
                                     **Signature of Attorney for Party (if any)_____**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.