IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25–cv–02104–RMR–MDB

ANNA WILLIAMS,

    Plaintiff,

v.

WESTLAKE FINANCIAL SERVICES,

    Defendant.

---

**DEFENDANT'S PROPOSED SCHEDULING ORDER**

---

**1. DATE OF SCHEDULING CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

A Scheduling Conference has not been held. Plaintiff alleges she emailed counsel for Defendant but counsel did not receive it. Upon her filing a scheduling order, counsel for Defendant emailed and called to resolve and hold a Rule 26 conference but was unable to reach Plaintiff. Plaintiff emailed and explained that her work schedule does not allow for a phone call but the parties were not able to agree in emails over the schedule. This additional Proposed Scheduling Order incorporates the positions of each party so the Court has it in one document.

**2. STATEMENT OF JURISDICTION**

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claim brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, as it arises under federal law. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims as they are so related to Plaintiff's claim under the FCRA that they form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims rely on the same facts and circumstances as Plaintiff's claim brought under the FCRA.

1

### 3. STATEMENT OF CLAIMS AND DEFENSES

**a. Plaintiff**

Plaintiff included the following description on her proposed scheduling order: I'm suing Westlake for violating consumer protection laws, seeking my car title, debt clearance, and damages. My claims include Colorado Fair Debt Collection Practices Act, Fair Credit Reporting Act, Colorado Consumer Protection Act, California Rosenthal Act (if applicable), and negligence.

**b. Defendant**

Defendant contends that Plaintiff's claims should be dismissed for the following reasons, which are more thoroughly discussed in Defendant's Motion to Dismiss, Doc. 11.

- **Count I**: Plaintiff fails to state a claim for violation of the Colorado Fair Debt Collection Practices Act ("CFDCPA") because she fails to plead the elements of fraud with particularity.

- **Count II**: Plaintiff fails to state a claim under the "Fair Credit Reporting Act ("FCRA") because she does not allege she submitted a § 1681i notice to any credit reporting agency ("CRA") and that a CRA notified Westlake of such a dispute.

- **Count III**: Plaintiff fails to state a claim under the Colorado Consumer Protection Act ("CCPA") because she does not plausibly plead any deceptive practice that affects the public interest or plead other elements for this claim.

2

- **Count IV**: Plaintiff's claim for violation of the California Rosenthal Fair Debt Collections Practices Act ("RFDCPA") fails because the RFDCPA does not apply to non-California residents or in Colorado courts.

- **Count V**: Plaintiff's claim for negligence is preempted by the FCRA.

## 4. UNDISPUTED FACTS

Defendant does not dispute the following allegations Plaintiff made in her complaint:

1. Plaintiff Anna Williams is a natural person residing in Colorado Springs, El Paso County, Colorado. Compl., ¶ 3.

2. On July 26, 2024, Plaintiff financed a vehicle through Westlake (Account #31687511), borrowing $20,419 with a $5,579.44 down payment. Compl., ¶ 9.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

The following is taken from Plaintiff's Complaint:

WHEREFORE, Plaintiff requests:

a. Declaratory judgment that the debt (Account #31687511) is invalid and unenforceable.

b. Order releasing Westlake's lien and delivering the vehicle title to Plaintiff.

c. Compensatory damages for credit harm, economic loss (credit denials), and severe emotional distress (anxiety, fear, physical symptoms), in an amount to be determined at trial.

3

d. Statutory damages under C.R.S. § 5-16-113, 15 U.S.C. §§ 1681n, 1681o, and Cal. Civ. Code § 1788.30 ($1,000 per violation for CFDCPA/Rosenthal).

e. Treble damages under C.R.S. § 6-1-113 for CCPA violations.

f. Injunctive relief enjoining Westlake from further collection and removing negative credit reporting.

g. Punitive damages for Westlake's willful misconduct, consistent with its pattern of consumer abuses (1)26).

h. Costs and, if permitted for prose litigants, reasonable attorney fees.

i. Other relief as the Court deems just.

### b. Defendant

Plaintiff owes $22,194.72 to Defendant for the financing of her vehicle. Defendant has not yet brought a counterclaim for this amount as it is currently seeking dismissal of this case.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

### a. Date of Rule 26(f) meeting.

The Fed. R. Civ. P. 26(f) meeting has not yet been held. Counsel for Defendant has reached out to Plaintiff by phone and email to convene one as quickly as possible.

### b. Names of each participant and party he/she represented (when the conference occurs).

| | |
|---|---|
| Anna Williams | Jeffrey H. Kass |
| PO Box 26671 | Dickinson Wright PLLC |
| Colorado Springs, CO 80936 | 1125 17th Street Suite 550 |
| 719-201-3293 | Denver, CO 80202 |
| letsgoliberty85@gmail.com | 313-223-3122 jkass@dickinsonwright.com |

4

*Pro Se*                                              *Attorney for Defendant (or Pro Se)*

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

Defendant provided its Rule 26 disclosures on September 4, 2025. Plaintiff has not provided any Rule 26 disclosures.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e. Statement concerning any agreements to conduct informal discovery.**

None.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

None.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Plaintiff indicates, "I expect some ESI (e.g., call logs, credit reporting data). I agree to discuss search terms and production formats with Westlake in good faith to minimize costs."

Defendant does not anticipate that its claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

5

Plaintiff indicates, "I'm open to settlement to avoid a trial and have communicated my settlement offer to Westlake with no response. I ask Westlake to propose a fair settlement by October 15, 2025, so we can discuss before discovery gets heavy."

Defendant believes this case should be dismissed and has filed a motion to dismiss. It is therefore not willing to resolve this short of Plaintiff dismissing her claims with prejudice.

### 7. CONSENT

All parties   ☐  [have]  X  [have not] consented to the exercise of jurisdiction of

a magistrate judge.

### 8. DISCOVERY LIMITATIONS

None

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Plaintiff's proposed scheduling order says:

● Limitations: Standard limits per FRCP 26(b)(1) are fair for my pro se status.

● Depositions: 2 per side, including adverse parties and key witnesses.

● Interrogatories: 30 per party.

● Requests for Production: 20 per party.

● Requests for Admission: 20 per party.

● Physical/Mental Exams: None needed.

Defendant is fine with the above.

**b. Limitations which any party proposes on the length of depositions.**

Plaintiff's proposed scheduling order says:

6

● Limitations: Standard limits per FRCP 26(b)(1) are fair for my pro se status.

● Depositions: 2 per side, including adverse parties and key witnesses.

● Interrogatories: 30 per party.

● Requests for Production: 20 per party.

● Requests for Admission: 20 per party.

● Physical/Mental Exams: None needed.

Defendant is fine with the above and the proposed presumptive limit.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Plaintiff's proposed scheduling order says:

● Limitations: Standard limits per FRCP 26(b)(1) are fair for my pro se status.

● Depositions: 2 per side, including adverse parties and key witnesses.

● Interrogatories: 30 per party.

● Requests for Production: 20 per party.

● Requests for Admission: 20 per party.

● Physical/Mental Exams: None needed.

Defendant is fine with the above.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Plaintiff's proposed scheduling order says:

● **Discovery Cut-Off**: December 5, 2025 (90 days from now).

Defendant proposes April 15, 2026.

7

e.  **Other Planning or Discovery Orders**

None.

### 9.  CASE PLAN AND SCHEDULE

a.  **Deadline for Joinder of Parties and Amendment of Pleadings:**

Plaintiff's proposed scheduling order says:

● Amending or supplementing pleadings: October 6, 2025 (30 days from now).
● Joinder of additional parties: October 6, 2025.

Defendant is fine with the above.

b.   **Discovery Cutoff:**

Plaintiff proposed December 5, 2025.

Defendant proposes May 30, 2026.

c.  **Dispositive Motion Deadline:**

Plaintiff's proposed scheduling order did not provide a date.
Defendant proposes June 30, 2026.

d. **Expert Witness Disclosure:**

   1.  **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff indicates, "I don't plan to use experts but reserve the right for rebuttal."

Defendant does not plan to use experts.

   2.  **Limitations which the parties propose on the use or number of expert witnesses.**

None.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>May 30, 2026</u>**

Plaintiff stated the following in her proposed scheduling order:
Plaintiff's expert disclosures: November 5, 2025; Defendant's: November 19, 2025; Rebuttal: December 3, 2025.

Defendant proposes May 30, 2026

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>June 30, 2026</u>**

Plaintiff stated the following in her proposed scheduling order:
Plaintiff's expert disclosures: November 5, 2025; Defendant's: November 19, 2025; Rebuttal: December 3, 2025.

Defendant proposes June 30, 2026

**e. Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Plaintiff did not identify anyone in her Proposed Scheduling Order | TBD |
| Defendant believes this case should be dismissed, but if it proceeds, Defendant will depose Plaintiff Anna Williams | 7 hours |

**10. DATES FOR FURTHER CONFERENCES**

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

**a. Status conferences will be held at the following dates and times:**

[_Magistrate Judge to insert date and time_]

9

_____, 20__ at __ o'clock ____m.

**b. A final pretrial conference will be held at the following date and time:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None

**b. Anticipated length of trial and whether trial is to the court or jury.**

Plaintiff indicated: Trial Length: 3-day bench trial (estimated).

Defendant agrees.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at _____, Colorado, this \_\_\_\_ day of _____, 2025.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge

11

## GENERATIVE ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to S. Kato Crews' Standing Order for Civil Cases, ¶ (C)(2) I certify that no portion of the foregoing filing was drafted by Generative Artificial Intelligence.

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

By: *s/ Jeffrey H. Kass*
Jeffrey H. Kass, Attorney No. 44305
1125 17th Street, Suite 550
Denver, CO 80202
Tel: (303) 723-8400
Fax: (844) 670-6009
Email: JKass@dickinson-wright.com

*Attorney for Defendant*

SUBMITTED ON September 5, 2025:

*s/Jeffrey H. Kass*
Jeffrey H. Kass
 Dickinson Wright PLLC
1125 17th Street Suite 550
Denver, CO 80202
313-223-3122 jkass@dickinsonwright.com
***Attorney for Defendant***

12

## CERTIFICATE OF SERVICE

On this 5th day of September, 2025, a true and correct copy of the foregoing document was served via the court and/or the ECF filing system to all persons of record.

Anna Williams
P.O. Box 26671
Colorado Springs, CO 80936
Letsgoliberty85@gmail.com

                                             *s/   Jeffrey H. Kass*
                                             Jeffrey H. Kass

4913-6989-8598 v1 [101821-110]