# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| ANNA WILLIAMS, | : |
| Plaintiff, | : |
| v. | : Case No. 1:25-cv-2104 |
| | : Hon. Richard T. Gurley |
| WESTLAKE FINANCIAL SERVICES, | : |
| Defendant. | : |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
### PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's Opposition to Westlake's Motion to Dismiss ("Response") fails to rebut Westlake Services, LLC dba Westlake Financial Services's contention that she did not plausibly plead Fair Credit Reporting Act ("FCRA") and Colorado Fair Debt Collection Practices Act ("CFDCPA") claims. Specifically:

1. Plaintiff does not save her FCRA claim because she relies on inapposite cases and fails to rebut the fact she did not allege sufficient facts to support her bare assertion that Westlake did not investigate her credit dispute.

2. Plaintiff does not demonstrate she plausibly pleaded a CFDCPA claim because she relies on CFDCPA provisions not cited in the Amended Complaint and fails to rebut the fact Westlake is not a debt collector subject to the CFDCPA.

## I. ARGUMENT

**A. Plaintiff Fails to State an FCRA Claim Because She Cites Inapposite Cases and Alleges No Facts in Support of Her Assertion That Westlake Failed to Investigate Her Claim.**

Plaintiff fails to establish she plausibly pleaded an FCRA claim. First, Plaintiff cites *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173 (10th Cir. 2013) and

1

*Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138 (10th Cir. 2012) and misconstrues both cases. *See* Resp., at 4. In *Llewellyn*, the Tenth Circuit overturned the District Court's ruling granting summary judgment because there was a genuine dispute of fact as to whether the defendants' reporting created a materially misleading impression, rendering it "incomplete or inaccurate" under § 1681s-2(b). *Llewellyn*, 711 F.3d at 1186. Plaintiff makes no such argument or allegations here, instead merely alleging Westlake did not investigate her claim without providing any facts in support. This is contrary to *Llewellyn*, where there were facts alleged and in dispute.

In *Sanders*, the Tenth Circuit affirmed the district court's decision dismissing the plaintiff's FCRA claim because the FCRA gives consumers no private right of action against those who report credit information to a credit reporting agency for inaccurate information. *Sanders*, 689 F.3d at 1147. Instead, a consumer must report the inaccurate information to the credit reporting agency first, which the plaintiff in *Sanders* did not do. This has no bearing on Westlake's argument, which is that Plaintiff has not alleged any facts supporting her position that Westlake did not investigate her claim.

Plaintiff offers nothing to rebut that all she pled is a bare assertion that Westlake failed to investigate upon receiving notice of Plaintiff's dispute. *See generally* Am. Compl, Doc. 27. Plaintiff only vaguely mentions Westlake's alleged reporting inaccuracies, without any factual support for her claim that Westlake failed to investigate her dispute. Resp., at 2–3. Plaintiff's allegations alone do not state a

2

valid claim for relief. *See* 15 U.S.C. § 1681s 2(b) (requiring a furnisher to perform an investigation upon receiving notice of a dispute from a CRA, not to automatically change a report to address the consumer's concerns without regard to the results of the investigation). This is fatal to her § 1681s-2(b) claim.

### B. Plaintiff Relies on CFDCPA Sections Not Cited in the Amended Complaint and Fails to Rebut Westlake's Contention It Is Not a Debt Collector.

Plaintiff claims she pleaded a valid claim under C.R.S. § 5-16-105(3) and C.R.S. § 5-16-108(1)(f). Resp. at 4–5. However, Plaintiff did not plead such violations in her Amended Complaint. *See generally* Am. Compl. Rather, Plaintiff only alleges Westlake violated C.R.S. § 5-16-113(1)(a), (c), (e). *Id.* ¶ 34. This Court should not consider any alleged CFDCPA violations not enumerated in her Amended Complaint. *Ajaj v. Fed. Bureau of Prisons*, 838 F. Supp. 2d 1108, 1116 (D. Colo. 2011) (explaining that in considering a motion to dismiss, the Court shall only consider the claims articulated in the complaint). The allegations alleged in the Amended Complaint cite to provisions that either do not exist or are simply remedial provisions. *See* Mot., Doc. 29 at 7–8.

Additionally, Plaintiff offers no case law to rebut Westlake's contention that it is not a debt collector under the CFDCPA. As stated in Westlake's Motion, Colorado law is clear that Westlake is not a debt collector because it was collecting its own debt. Am. Compl. ¶¶ 1, 10, 12; *Com. Serv. of Perry, Inc. v. Fitzgerald*, 856 P.2d 58, 62 (Colo. App. 1993) (the entity that originally extends the credit is not subject to the act); *Deutsche Bank Nat'l Tr. Co. v. Passmore*, No. 24CA0086, 2025 WL 76798, at *6 (Colo. App. Jan. 2, 2025) ("Through this action, Deutsche Bank wasn't attempting to

3

collect a debt on behalf of another party; rather, it was the creditor itself. It does not, therefore, qualify as a debt collector" and is not subject to the CFDCPA). Westlake is not a debt collector under the act and thus cannot be sued for a violation of the CFDCPA. Plaintiff's CFDCPA claim is subject to dismissal.

## II.  CONCLUSION

Based on the foregoing, Westlake respectfully requests that Plaintiff's case be dismissed with prejudice.

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

By: *s/ Jeffrey H. Kass*
Jeffrey H. Kass, Attorney No. 44305
1125 17th Street, Suite 550
Denver, CO 80202
Tel: (303) 723-8400
Fax: (844) 670-6009
Email: JKass@dickinson-wright.com

*Attorney for Defendant*

**GENERATIVE ARTIFICIAL INTELLIGENCE CERTIFICATION**

Pursuant to Hon. S. Kato Crews' Standing Order for Civil Cases, ¶ (C)(2), I certify that no portion of the foregoing filing was drafted by Generative Artificial Intelligence.

> Respectfully submitted,
>
> **DICKINSON WRIGHT PLLC**
>
> By: *s/ Jeffrey H. Kass*
> Jeffrey H. Kass, Attorney No. 44305
> 1125 17th Street, Suite 550
> Denver, CO 80202
> Tel: (303) 723-8400
> Fax: (844) 670-6009
> Email: JKass@dickinson-wright.com
>
> *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December 2025, a true and correct copy of the foregoing document was served via the ECF filing system to all attorneys of record. A true and accurate copy of the foregoing was also mailed and emailed this day to:

Anna Williams
P.O. Box 26671
Colorado Springs, CO 80936
letsgoliberty85@gmail.com

                                        *s/   Jeffrey H. Kass*
                                            Jeffrey H. Kass